UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

DEC - 3 2014

PER _____

DEPUTY CLERK

| | |
|---|---|
| WILLIAM LONGCOR, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CAROLYN W. COLVIN, ACTING | : |
| COMMISSIONER OF SOCIAL | : |
| SECURITY | : |
| | : |
| Defendant. | : |

Civil No. 3:13-CV-1614

(Judge Kosik)

FILED
SCRANTON

DEC - 3 2014

PER _____

DEPUTY CLERK

## MEMORANDUM

The above-captioned action is one seeking review of a decision of the Commissioner of

Social Security ("Commissioner"), denying Plaintiff William Longcor's application for Social

Security Disability Insurance Benefits ("DIB"), pursuant to 42 U.S.C. § 405(g).  For the reasons

set forth below, we will vacate the decision of the Commissioner and remand the case to the

Commissioner for further proceedings.

### I. PROCEDURAL HISTORY

Longcor, born on August 31, 1962,[1] filed an application for DIB, pursuant to Title II of

the Social Security Act ("Act"), on May 9, 2011.  (Tr. 139-43.)[2]  Longcor alleged disability due

to diabetes, diabetic neuropathy, social anxiety, bipolar disorder, anxiety disorder, and pain, since

---

[1] At the time of Longcor's alleged onset date, Longcor was 48 years old.  Under the Social Security regulations, a person under the age of 50 is considered a "younger person."  20 CFR § 404.1563(c).  The Social Security Administration generally does not consider that a younger person's age will seriously affect a person's ability to adjust to other work.  Id.

[2] References to "Tr. __" are to pages of the administrative record filed by Defendant as part of the Answer (Docs. 8, 9), on August 21, 2013.

November 30, 2010.  (Id; Tr. 116-17.)  The application was denied by the Pennsylvania state

agency on June 24, 2011.  (Tr. 116-24.)  Upon request by Longcor, a hearing was held before an

Administrative Law Judge ("ALJ"), on March 8, 2012.  (Tr. 93-115.)  Longcor and the

vocational expert, Patricia L. Chilleri, testified at the hearing.  (Id.)

On March 28, 2012, the ALJ issued a decision denying Longcor's application for

benefits.  (Tr. 60-74.)  The ALJ found that Longcor was not under a disability within the meaning

of the Act, from November 30, 2010, through the date of the decision.  (Id.)  On April 22, 2013,

the Appeals Council denied Longcor's request to review the ALJ's decision.  (Tr. 1-7.)

Longcor then initiated the instant civil action by filing his Complaint (Doc. 1), on June

17, 2013.  The case was transferred to Magistrate Judge Thomas M. Blewitt, who issued a Report

and Recommendation (Doc. 12), on December 17, 2013.  The Magistrate Judge recommended

that Longcor's appeal from the decision of the Commissioner be denied.  Longcor filed

Objections to the Report and Recommendation (Doc. 13) and a brief in support (Doc. 14), on

January 3, 2014.  We will review Longcor's Objections and the Magistrate Judge's Report and

Recommendation accordingly.

## II. FACTUAL BACKGROUND

Longcor has a high school education.  (Tr. 70.)  In the past, Longcor worked as a cement

truck driver, which is a medium, semi-skilled job.  (Tr. 71.)  Longcor has not worked since his

alleged onset date of disability, November 30, 2010.  (Tr. 65.)

Longcor stated that he has diabetes, diabetic neuropathy, pain, anxiety disorder, social

anxiety, and bipolar disorder.  (Tr. 116-17.)  Longcor was treated twice by Dr. Christian, in

November 2010 and March 2011.  (Tr. 212-13.)  Longcor expressed that he did not have

2

insurance and complained of multiple issues, including social anxiety and depression. (Id.) Longcor was also treated at the Pike County Family Health Center on September 20, 2011, for multiple issues, including right rotator cuff syndrome, diabetes, and depression. (Tr. 220-21.)

On February 29, 2012, Longcor was seen by Dr. Ahmed for right rotator cuff problems. (Tr. 225-27.) Dr. Ahmed sent Longcor for an MRI on March 2, 2012, which showed Longcor had a high-grade partial thickness tear of the supraspinatus tendon. (Tr. 222-23.) On March 13, 2012, Dr. Ahmed referred Longcor to Dr. Piserchia, an orthopedic surgeon, for further evaluation of his torn rotator cuff. (Tr. 229.)

Longcor saw Dr. Piserchia in April 2012, and was diagnosed with bilateral carpal tunnel syndrome ("CTS"), cervical spondyloss and narrowing of the disc space between C5 and C6, and adhesive capsulitis in his right shoulder due to the tear. (Tr. 23-57.) Longcor submitted those records to the Appeals Council on October 17, 2012. (Tr. 23-57.) The Appeals Council found that since the ALJ decided Longcor's case through March 28, 2012, the medical records from Dr. Piserchia were about a later time, and that Longcor would have to apply again for determination of a disability after that date. (Tr. 2.)

### III. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the

3

extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447

U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## IV.  SEQUENTIAL EVALUATION PROCESS

The plaintiff must establish that there is some "medically determinable basis for an

impairment that prevents him from engaging in any substantial gainful activity for a statutory

twelve-month period."  Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting

Plummer, 186 F.3d at 427) (internal quotations omitted).  "A claimant is considered unable to

engage in any substantial gainful activity 'only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy . . . .'"  Fargnoli, 247 F.3d at 39 (quoting 42

U.S.C. § 423(d)(2)(A)).  The Commissioner follows a five-step inquiry pursuant to 20 C.F.R. §

404.1520 to determine whether the claimant is disabled.  In Plummer, the Third Circuit Court of

Appeals set out the five-steps:

> In step one, the Commissioner must determine whether the claimant is currently
> engaging in substantial gainful activity.  20 C.F.R. § [404.]1520(a).  If a claimant is
> found to be engaged in substantial activity, the disability claim will be denied.
> Bowen v. Yuckert, 482 U.S. 137, 140 (1987) . . . .  In step two, the Commissioner
> must determine whether the claimant is suffering from a severe impairment.  20
> C.F.R. § 404.1520(c).  If the claimant fails to show that her impairments are
> "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's
> impairment to a list of impairments presumed severe enough to preclude any gainful
> work.  20 C.F.R. § 404.1520(d).  If a claimant does not suffer from a listed
> impairment or its equivalent, the analysis proceeds to steps four and five.  Step four
> requires the ALJ to consider whether the claimant retains the residual functional
> capacity to perform her past relevant work.  20 C.F.R. § 404.1520(d).  The claimant
> bears the burden of demonstrating an inability to return to her past relevant work.

4

Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).

> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See[] Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

Plummer, 186 F.3d at 428.

Here, after proceeding through the sequential evaluation process, the ALJ found that Longcor was not disabled within the meaning of the Act during the relevant time period. Specifically, the ALJ found that Longcor met the insured status requirements of the Act through December 31, 2015. At step one, the ALJ found that Longcor had not engaged in substantial gainful activity since November 30, 2010, the alleged onset date. (Tr. 65.) At step two, the ALJ found that Longcor's severe impairments included diabetes mellitus, a right shoulder impairment, depression, and anxiety. (Id.) At step three, the ALJ found that Longcor did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) At step four, the ALJ found that Longcor was unable to perform any past relevant work as a cement truck driver, a medium, semi-skilled job, since Longcor had the residual functional capacity ("RFC") to perform a range of light work. (Tr. 67-70.) At step five, the ALJ found that considering Longcor's age, education, work experience, and RFC, Longcor can perform jobs that exist in significant numbers in the national economy. (Tr. 70-72.)

## V. DISCUSSION

The Magistrate Judge made several findings, including that the ALJ's decision was based on substantial evidence, and that the ALJ properly considered all severe impairments and properly determined the RFC.  The Magistrate Judge also found that Longcor was not entitled to a remand of his case based on records of Dr. Piserchia, since Longcor failed to show good cause and since those records were outside of the relevant time period for Longcor's claim at issue. Lastly, the Magistrate Judge found that only "occasionally" reaching out front was not contrary to the ALJ's finding, that Longcor could perform "light work," since the jobs considered involved only occasional use of the upper right extremity.

Longcor objected to the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence, and also objected to the finding that the ALJ's decision was not conflicting with the testimony of the vocational expert.

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner.  See Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007); Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008).  However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g), is to determine whether those findings are supported by "substantial evidence."  Id.  The factual findings of the Commissioner, "if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson, 529 F.3d at 200 (3d Cir. 2008) (quoting Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)) (internal quotations and citations omitted).  Substantial evidence has been

6

described as more than a mere scintilla of evidence but less than a preponderance.  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citing Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted)).  The Third Circuit Court of Appeals has stated,

> [O]ur decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise.  A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983); Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986)).  Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.  Id. (citing Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)).

Longcor argues that substantial evidence demonstrates that he is limited to less than light duty work, since he has two distinct problems with his upper right extremity.  Longcor argues that the ALJ's determination of Longcor's RFC only accounts for his right shoulder problems, and does not account for the numbness in Longcor's hand, which is consistent with Dr. Piserchia's diagnosis of CTS.  Additionally, Longcor argues that the ALJ's finding that Longcor can occasionally reach in front of him, is contrary to the vocational expert's testimony, which requires remand for further clarification.

On this point, the Magistrate Judge examined the issue of whether Dr. Piserchia's records

from April 2012, were pertinent to the present application for DIB, since Longcor did not submit

those records until October 17, 2012, when he appealed the ALJ's decision to the Appeals

Council. The Magistrate Judge found that Longcor did not meet the standard for the admission

of new evidence, pursuant to 42 U.S.C. § 405(g), because Longcor did not show good cause and

because the records were outside of the relevant time period. We disagree.

When we are presented with evidence of which the ALJ did not have the benefit, we may

remand to the Commissioner, "but only upon a showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence into the record

in a prior proceeding." 42 U.S.C. § 405(g). The materiality standard requires the evidence to be

relevant and probative. Szubak v. Sec'y of Health and Human Services, 745 F.2d 831, 833 (3d

Cir. 1984). It also requires that there be a "reasonable possibility that the new evidence would

have changed the outcome of the Secretary's determination." Id. To be material, the evidence

must also "relate to the time period for which benefits were denied, and that it not concern

evidence of a later-acquired disability or of the subsequent deterioration of the previously non-

disabling condition." Id. (citing Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir. 1982)). The

claimant must also show good cause for not incorporating the new evidence into the record. Id.

In Szubak v. Secretary of Health and Human Services, the Third Circuit considered

Section 405(g) of the Act and remanded the claim to the Secretary to consider the new evidence.

Szubak, 745 F.2d at 832-33. Szubak argued that the medical reports compiled after the

Secretary's first decision, denying benefits, required a remand for further consideration. Id. at

832. The Third Circuit found that the medical reports were clearly new, since they were

compiled after the Secretary's decision and could not have been presented at the hearing. Id. at

8

833. In considering the materiality requirement, the court found that the reports substantially

corroborated Szuback's subjective complaints of pain, and "[s]uch corroboration [was] entitled

to great weight by the ALJ." Id. The court found that even though the problems discussed in the

medical reports may not alone, qualify as a severe impairment, impairments must be considered

in combination. Id. (citing Burnam v. Schweiker, 682 F.2d 456, 458 (3d Cir. 1982)). In

considering the good cause requirement, the court discussed the policy behind it. The court

recognized that claimants should be prevented from withholding medical reports, with the idea of

"obtaining another bite of the apple" if their claim was initially denied, and found that there was

no evidence in the record that the plaintiff was attempting to do that. Id. at 834 (quoting Brown

v. Schweiker, 557 F. Supp. 190, 192 (M.D. Fla. 1983)).

Here, the new evidence Longcor relies upon are the medical records from Dr. Piserchia,

an orthopedic surgeon. Longcor was referred to Dr. Piserchia by Dr. Ahmed, on March 13, 2012.

(Tr. 228.) Longcor received care from Dr. Piserchia from April to October 2012, during which

he was diagnosed with CTS. On April 4, 2012, Dr. Piserchia noted that Longcor presented

symptoms consistent with CTS, such as numbness and tingling into his hands, principally the

right side, and that he had a positive Tinel sign and positive Phalen's test on both wrists. (Tr.

51.) The medical records also indicate that certain tests and evaluations were postponed since

Longcor was initially uninsured and then subsequently received Medical Assistance. (Tr. 18, 36,

44, 52.)

During the ALJ hearing, Longcor testified as to the pain in his hands when the ALJ asked

Longcor about the problems with his shoulder. Specifically, Longcor responded, "Constant pain

from my neck down into my fingertips. Sometimes my hand goes numb and usually it's just

9

constant steady pain." (Tr. 100.) Longcor also stated that "some days I can't even pick up a cup

of coffee off the table." (Tr. 101.)

We find that Longcor met his burden and showed that the medical evidence from Dr.

Piserchia was new and material, and that he had good cause for not submitting it to the ALJ.

Like the evidence in Szuback, the medical evidence was clearly new, since at the time of the

ALJ's decision, it did not exist since Longcor was awaiting referral to Dr. Piserchia. We also

find the medical evidence material, since there is a reasonable possibility the new medical

evidence would have changed the Secretary's determination. In the ALJ Decision, the ALJ noted

that:

> The claimant testified he has daily symptoms of shoulder pain, problems with
> diabetes, depression and anxiety, but the medical evidence does not support his
> allegations as to the level of severity of his impairments. This makes the claimant's
> credibility somewhat questionable.

(Tr. 70.) As was the case in Szubak, the new medical records substantially corroborate

Longcor's subjective complaints of pain. We find that there is a reasonable possibility the new

evidence could have changed the ALJ's determination on Longcor's credibility since his

testimony would be further supported by objective medical evidence.

Additionally, during the ALJ hearing, the hypothetical presented to the vocational expert,

was a person who could "lift the right upper extremity, occasionally reach overhead, reach out

latterly, and reach in front." (Tr. 112.) The ALJ found that Longcor had the RFC to perform a

range of light work and could occasionally reach overhead, laterally and in front, with the right

upper extremity. (Tr. 67.) We find that there is a reasonable possibility the RFC could have

changed due to the new evidence.

To be material, the new evidence must also relate to the time in question.  The Magistrate

Judge agreed with the Defendant, who argued that the medical records from Dr. Piserchia were

outside of the relevant time.  We disagree and find that the new evidence does relate to the time

in question, as evidenced by Longcor testifying at the ALJ hearing as to the symptoms, such as

pain and numbness into his hands, which Dr. Piserchia found consistent with CTS.

   We also find that Longcor showed good cause for not presenting the records of Dr.

Piserchia to the ALJ.  The policy behind the good cause requirement is to "encourage disability

claimants to present to the ALJ all relevant evidence concerning the claimant's impairments."

Matthews v. Apfel, 239 F.3d 589, 595 (3d Cir. 2001).  At the time the ALJ rendered his decision,

Longcor was awaiting his orthopedic referral to Dr. Piserchia.  Longcor did not have insurance at

that time, and his care was further delayed due to his subsequent enrollment in Medical

Assistance and the program's approval of the tests recommended by Dr. Piserchia.  We find that

Longcor's showing of good cause is consistent with the requirement's underlying policy.

## VI. CONCLUSION

   For the reasons set forth above, we decline to adopt the Magistrate Judge's

recommendation to deny Longcor's appeal from the Commissioner's decision.  Our review of the

record reveals that Longcor is entitled to a remand based on new evidence.  We will, therefore,

pursuant to 42 U.S.C. § 405(g), vacate the decision of the Commissioner and remand the case to

the Commissioner for further proceedings.  An appropriate order is attached.